Form fmcntc  (Revised 03/23/2007)

**United States Bankruptcy Court – District of Kansas**
161 Robert J. Dole US Courthouse
500 State Avenue
Kansas City, KS 66101

Case Number:  10–23730                                       Chapter:  7

In re: (Name of Debtor)

Julie Lynne Caton
1644 W. Brittany
Olathe, KS 66061

| Entered By The Court<br>12/27/10 | **NOTICE TO CHAPTER 7 DEBTOR(S) THAT COURT HAS NOT RECEIVED CERTIFICATION REGARDING PERSONAL FINANCIAL MANAGEMENT** | **Filed By The Court**<br>**12/27/10**<br>Fred Jamison<br>Clerk of Court<br>US Bankruptcy Court |
| --- | --- | --- |

This proceeding is before the Court *sua sponte.* In accordance with 11 U.S.C. § 727(a)(11), a debtor may not receive a discharge if he or she fails to complete an instructional course concerning personal financial management, and if the statement documenting that completion is not timely filed with the Court. This personal financial management course is in addition to the budget and credit counseling briefing that almost all debtors are required to receive prior to filing their bankruptcy petitions. Interim Fed. R. Bankr. P. 1007(b)(7) and (c) require debtor(s) to file a statement using Official Form B23 certifying the completion of the personal financial management course. That statement must be filed within 45 days after the first date set for the meeting of creditors under 11 U.S.C. § 341. Your deadline of January 18, 2011 is quickly approaching, and this Notice is to simply warn you that if this statement is not timely filed, or an appropriate extension requested before the expiration of the deadline, the Court may be required to CLOSE your case without issuing a discharge. <u>If your case is closed without a discharge and you seek to reopen it to file the certificate of completion of the personal financial course, you will be required to pay the reopening fee</u>.

Debtor(s) and debtor(s). counsel are hereby cautioned that a request to extend the deadline for filing the statement must conform to Interim Fed. R. Bankr. P. 9006(b), which provides:

(b) Enlargement.
(1) *In General.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.
(2) *Enlargement Not Permitted.* The court may not enlarge the time for taking action under Rules 1007(d), 2003(a) and (d), 7052, 9023 and 9024.
(3) *Enlargement Limited.* The court may enlarge the time for taking action under Rules 1006(b)(2), 1007(c) with respect to the time to file schedules and statements in a small business case, 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002 and 9033, only to the extent and under the conditions stated in those rules.

Document 9                                    s/ Fred Jamison
                                              Clerk, United States Bankruptcy Court